1

2

3

4

5

6

7

8

9 # UNITED STATES DISTRICT COURT

10 # CENTRAL DISTRICT OF CALIFORNIA

11

12 JON HUMES,                                                  ) Case No. EDCV 18-0379-SJO (JEM)
                                                            )
13                      Plaintiff,                          )
                                                            ) MEMORANDUM AND ORDER
14          v.                                              ) DISMISSING COMPLAINT WITH
                                                            ) LEAVE TO AMEND
15 CITY OF RIVERSIDE, CA,                                    )
                                                            )
16                      Defendant.                          )
17 ───────────────────────────────────                      )

18                              **PROCEEDINGS**

19          On February 15, 2018, Jon Humes ("Plaintiff"), proceeding pro se and in forma

20 pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

21          For the reasons set forth below, the Court finds that the Complaint should be

22 dismissed with leave to amend.

23                        **PLAINTIFF'S ALLEGATIONS**

24 Plaintiff alleges the following:

25          On 1/17/17 Sacramento detective S. Spence received a call from the sex

26 offender registration officer in Riverside, CA, named Officer Hascore.  Officer

27 Hascore informed Detective Spence that Riverside Police Department had been

28

1      monitoring me since 2005. Strange because I never was arrested, or even spoke to

2      a police officer in Riverside! I have no idea how they even knew I passed thru

3      Riverside in 2005.

4      And I was released from all penalties and disabilities from the misd[e]meanor

5      sex crimes I had expunged on 04-11-2012. I'm pretty sure that would include the

6      Roseville Police Department sending Riverside and Portland, OR, PD copies of the

7      pig reports from those dismissed convictions. And it also includes having Officer

8      Hascore and the Riverside PD monitoring me! I have the pig report where Spence

9      proudly details the snitching sessions those 3 rats had as they followed [a]ll 3 of

10      th[ei]r policies of depriving people of th[ei]r 14th Amendment right to due process!

11      I'm suing Spence too! Different case number!

12      The details of those snitch sessions are detailed in the pig report that begged

13      for and got 3 search warrants and a 6 count arrest warrant. Plus my right to privacy

14      is infringed on wrongfully! I've been in jail for one year so far, awaiting trial! Big

15      losses! So far!

16 (Complaint at 4.)[1] Plaintiff seeks $100,000,000 in damages because "[t]hem rats gotta be

17 taught to respect people's privacy!" (Id. at 5.)

18 **DISCUSSION**

19 **I.     PLEADING STANDARDS**

20      A complaint may be dismissed as a matter of law for failure to state a claim for two

21 reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

22 alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't,

23 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on

24 which relief may be granted, allegations of material fact are taken as true and construed in

25 the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

26

27     [1] The Court refers to the pages of the Complaint as numbered by the CM/ECF system.

28 2

1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he

1   is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at

2   633. The inquiry into causation must be individualized and focus on the duties and

3   responsibilities of each individual defendant whose acts or omissions are alleged to have

4   caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the

5   plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation

6   of protected rights. Id. at 634.

7        In a pro se civil rights case, the complaint must be construed liberally to afford

8   plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

9   623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured,

10  pro se litigants are generally entitled to a notice of a complaint's deficiencies and an

11  opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely

12  clear that the deficiencies cannot be cured by amendment should the complaint be

13  dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.

14  2007).

15  **II.    THE COMPLAINT SHOULD BE DISMISSED WITH LEAVE TO AMEND FOR**

16  **FAILURE TO COMPLY WITH RULE 8**

17       Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short

18  and plain statement of the claim showing that the pleader is entitled to relief,' in order to

19  'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

20  Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff

21  should set forth "who is being sued, for what relief, and on what theory, with enough detail

22  to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory

23  allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an

24  unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels

25  and conclusions or a formulaic recitation of the elements of a cause of action will not do.")

26  (internal quotation marks and citation omitted).

27

28                                            4

1    Plaintiff's Complaint does not comply with the standards of Rule 8.  Plaintiff's factual

2    recitation is convoluted, confusing, and replete with unnecessary pejorative language.  (See

3    Complaint at 4.)  There is considerable confusion regarding the sequence of events and

4    how Plaintiff's allegations relate to his legal claim.  Plaintiff indicates that he is presently

5    incarcerated pending criminal charges, but it is unclear whether his incarceration is related

6    to the alleged wrongdoing by Officer Hascore.  Thus, it is impossible for defendants to

7    ascertain the nature and basis of Plaintiff's claims against them.  Plaintiff's failure to plainly

8    and succinctly provide defendants with fair notice of the bases for his allegations violates

9    Rule 8.  See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011);

10   see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08

11   (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading

12   requirements.").

13          Plaintiff's Complaint should be dismissed with leave to amend for failure to comply

14   with Rule 8.  Because Plaintiff is proceeding pro se, the Court sets forth below some

15   additional guidance, which Plaintiff should consider if he chooses to file an amended

16   complaint.

17   **III.    PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION**

18          The caption of the Complaint lists the City of Riverside ("City") as the sole defendant.

19   (Complaint at 1.)  Later in the Complaint, however, Plaintiff lists Officer Hascore as the sole

20   defendant, and he does not list the City.  (Id. at 2.)

21          Officer Hascore, who is named as a "defendant" only in the body of the Complaint

22   has not been presented properly as a party, and the Court does not recognize him as a

23   defendant in this action.  If Plaintiff files an amended complaint, he **must include in the**

24   **caption the names of each defendant against whom he is asserting a claim**.  See Fed.

25   R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63

26   (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name

27

28                                                  5

1  defendants in the caption).  Thus, Plaintiff must list all defendants in the caption on page 1

2  of the amended complaint.  The Court will not order the United States Marshal to serve the

3  amended complaint on any named defendant not identified in the caption.  He also must list

4  all defendants in the appropriate section of the amended complaint where the plaintiff is

5  asked to identify the defendants.  Moreover, Plaintiff must state in the body of the amended

6  complaint whether each defendant is being sued in his individual and/or official capacities.

7  **IV.    PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE CITY OF RIVERSIDE**

8  **OR OFFICER HASCORE IN HIS OFFICIAL CAPACITY**

9     Plaintiff has sued the City.  (Complaint at 1.)  He also names Officer Hascore in the

10  body of the Complaint only, but does not specify whether he is being sued in his individual

11  capacity, official capacity, or both. (Id. at 2.)  Plaintiff has failed to state a claim against the

12  City.  He also has failed to state a claim against Officer Hascore in his official capacity.

13     The Supreme Court has held that an "official-capacity suit is, in all respects other

14  than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,

15  166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los

16  Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official

17  personally, for the real party in interest is the entity." Graham, 473 U.S. at 159.  Thus, any

18  claim against Officer Hascore in his official capacity is tantamount to a suit against the City.

19     A local governmental entity, such as the City, "may not be sued under § 1983 for an

20  injury inflicted solely by its employees or agents.  Instead, it is when execution of a

21  government's policy or custom, whether made by its lawmakers or by those whose edicts or

22  acts may fairly be said to represent official policy, inflicts the injury that the government as

23  an entity is responsible under § 1983." Monell v. Dept. of Social Services of City of New

24  York, 436 U.S. 658, 694 (1978).  Thus, "[i]n order to hold [a local government defendant]

25  liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of

26  which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy

27

28                                          6

1 amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is

2 the 'moving force behind the constitutional violation.'" Anderson v. Warner, 451 F.3d 1063,

3 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of

4 Covina, 654 F.3d 892, 900 (9th Cir. 2011). "There also must be a 'direct causal link'

5 between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that

6 the injury resulted from a 'permanent and well settled practice.'" Anderson, 451 F.3d at

7 1070 (citation omitted); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir.

8 2008) (en banc). A plaintiff cannot prove the existence of a municipal policy or custom

9 based solely on the occurrence of a single incident of unconstitutional action by a non-

10 policymaking employee. City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985).

11 Here, Plaintiff has failed to identify any policy statements, regulations, officially

12 adopted or promulgated decisions, customs, or practices by which Officer Hascore or any

13 other City official allegedly inflicted the injuries about which Plaintiff is complaining. Plaintiff

14 alleges no facts to support a claim against the City or against Officer Hascore in his official

15 capacity.

16 Thus, any claims against the City and against Officer Hascore in his official capacity

17 are subject to dismissal for failure to set forth facts to support a Monell claim. If Plaintiff

18 chooses to file an amended complaint, he should not sue the City or Officer Hascore in his

19 official capacity unless he can allege specific facts demonstrating that the City has a policy,

20 regulation, custom, or practice by which the injuries to Plaintiff were inflicted.

21 **V.     PLAINTIFF HAS FAILED TO STATE A FOURTEENTH AMENDMENT**

22 **SUBSTANTIVE DUE PROCESS CLAIM**

23 Plaintiff asserts that his right to privacy was infringed, in violation of the Fourteenth

24 Amendment, when Officer Hascore reported certain unknown information to Detective

25 Spence in January 2017. (Complaint at 4.)

26

27

28                                                                 7

The Fourteenth Amendment encompasses a right of privacy.  See Roe v. Wade, 410 U.S. 113, 153 (1973).  However, the Supreme Court has expressly declined to state whether there exists a constitutional right to informational privacy.  See National Aeronautics and Space Admin. v. Nelson, 562 U.S. 134, 138 (2011) (assuming without deciding that there is a "constitutional privacy interest in avoiding disclosure of personal matters," but not squarely addressing the contours of such a right); see also id. at 162 ("there is no constitutional right to informational privacy") (Scalia, J., concurring).  It also appears that there is conflicting case law in the Ninth Circuit as to the proper confines of the right to informational privacy, assuming there is such a right.  For example, Seaton v. Mayberg, 610 F.3d 530, 538 (9th Cir. 2010), states that "[i]t is not entirely clear yet whether the constitutional right [to informational privacy extends only to] matters relating to marriage, procreation, contraception, family relationships, and child rearing and education."  On the other hand, Nelson v. National Aeronautics and Space Admin., 530 F.3d 865, 877 (9th Cir. 2008), appears to recognize that the right to information privacy extends beyond "fundamental matters," and covers such issues as sexual activity, medical information, and financial matters.

Here, Plaintiff has failed to allege facts demonstrating that his constitutional right to privacy was violated.  Plaintiff states that his misdemeanor sex offenses were expunged in 2012 and, therefore, Officer Hascore should not have been monitoring him and should not have reported anything to Detective Spence.  However, Plaintiff never identifies the specific information disclosed by Officer Hascore to Detective Spence, never explains how the information was private or protected, and never shows that disclosure of the information was wrongful.  (Id.)  Accordingly, Plaintiff has not established that he had a constitutional right to keep such information private or that the right was violated.  See generally Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 494-95 (1975) (privacy interest fades when

information is in the public record).  Plaintiff has failed to state a Fourteenth Amendment substantive due process claim.

* * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document.  The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.


DATED: April 6, 2018                                    */s/ John E. McDermott*
                                                        JOHN E. MCDERMOTT
                                                        UNITED STATES MAGISTRATE JUDGE